UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLANET BEACH BRANDS, LLC <br> a Louisiana limited liability company <br><br> Plaintiff <br><br> v. <br><br> LUXSAUNA INC., a Nevada corporation, <br> DAVID FLOYD SHURTLEFF <br> (a/k/a DAVID FLOYD) <br> AND WILLIAM EUCKER <br><br> Defendants | * * * * * * * * * * * * * * * | CIVIL ACTION NO. <br><br> **JURY TRIAL DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiff Planet Beach Brands ("Plaintiff") by and through undersigned counsel, hereby alleges as follows against LuxSauna Inc., David Floyd Shurtleff and William Eucker ("Defendants").

## **NATURE OF THE ACTION**

1. This is an action for copyright infringement. This action arises out of Defendants' unauthorized reproduction and public display of a copyrighted photograph of Plaintiff. Accordingly, Plaintiff seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101, *et seq*.

## **JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101, *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Page 1 of 5

3. This Court has personal jurisdiction over Defendants because the willful acts of infringement complained of herein have been directed at the State of Louisiana and this judicial district, and because Defendants have caused injury to Plaintiff and its intellectual property within the state of Louisiana and in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2).

## THE PARTIES

5. Plaintiff is a Louisiana limited liability company with its principal place of business at 5161 Taravella Road, Marrero, Louisiana 70072.

6. Upon information and belief, LuxSauna Inc. ("LuxSauna") is a corporation formerly existing under the laws of the state of Nevada. According to available public records, LuxSauna was dissolved on or around March 1, 2010. The true legal status of LuxSauna is unknown to Plaintiff.

7. Upon information and belief, David Floyd Shurtleff (a/k/a David Floyd) is an individual residing in the state of Florida.

8. Upon information and belief, William Eucker is an individual residing in the state of Florida.

## GENERAL ALLEGATIONS

9. Through the expenditure of substantial time, money and effort, Plaintiff and its affiliates have developed, marketed and distributed a proprietary infrared sauna system known as HOTWORX™. Typically, up to three individuals enter a seven foot by nine foot sauna unit and engage in a sequence of isometric body postures. The combination of infrared sauna therapy and exercise produces an ideal workout.

10. Plaintiff also owns the copyrights to certain original marketing materials, including original photography and descriptions of the HOTWORX™ system.

11. On or around October 31, 2015, Plaintiff caused one of the HOTWORX™ units to be photographed. One such photograph features three female models engaging in plyometric body postures inside a HOTWORX™ unit ("the Photograph"). The Photograph has been displayed publicly at www.hotworx.net and at https://www.facebook.com/officialhotworx/. A true and correct copy of the Photograph is attached as Exhibit A.

12. Plaintiff is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

13. Plaintiff has filed an application for copyright registration with the United States Copyright Office for the Photograph and is awaiting the issuance of a registration (Service Request # 1-4054885791). A true and correct copy of Plaintiff's application for copyright registration is attached as Exhibit B.

14. Defendants have developed and marketed a product called a "FitBomb Fitness Studio." The FitBomb Fitness Studio is a "knockoff" of the aforementioned HOTWORX™ infrared sauna system. Among other particulars, the "FitBomb Fitness Studio" is built to the same seven foot by nine foot dimensions and includes other design details and elements that are original to the HOTWORX™ system.

15. On or around September of 2016, it came to Plaintiff's attention that Defendants had developed an online marketing brochure relative to the FitBomb Fitness Studio. The brochure prominently features the Photograph. As of this writing, the brochure may be accessed online at http://www.luxsauna.com/wp-content/uploads/2016/08/BROCHURE-GYMS.png. A true and correct copy of the online brochure is also attached as Exhibit C.

16. Defendants do not have any license, authorization, permission or consent to use the infringed Photograph.

17. In fact, on September 27, 2016, Plaintiff, through its counsel, provided written notice to Defendant Shurtleff that Defendants' unauthorized use of the Photograph constitutes infringement of Plaintiff's rights. Plaintiffs demanded that Defendants immediately cease and desist from any further use of the Photograph. Defendants have refused Plaintiff's request. A copy of the notice is attached as Exhibit D.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

18. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

19. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publicly display and/or use the Photograph.

20. The acts of Defendants constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Section 106 and 501 of the Copyright Act.

21. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

22. Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants' willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

23. Plaintiff is entitled to attorney's fees and full costs pursuant to 17 U.S.C. § 505.

24. Plaintiff has sustained, and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained,

Defendants will continue to use the infringed Photograph to advertise, market and promote the FitBomb Fitness Studio. Plaintiff is therefore entitled to preliminary and permanent injunctive relief to enjoin Defendants' continuing infringement.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For Plaintiff's actual damaged and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of the Photograph or, alternatively, statutory damages up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504.

2. That Defendants be enjoined from reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph pursuant to 17 U.S.C. § 502.

3. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505.

4. That Plaintiff be awarded pre-judgment interest.

5. That Plaintiff receive other further relief as the Court may deem just and proper.

              Respectfully submitted,

              **PUGH, ACCARDO, HAAS, RADECKER**
                **& CAREY, LLC**

              /s/ William W. Sentell, III
              LAWRENCE G. PUGH, III (#17351)
              WILLIAM W. SENTELL, III (#31962)
              1100 Poydras Street, Suite 3200
              New Orleans, Louisiana 70163-1163
              Telephone: (504) 799-4524
              Facsimile: (504) 799-3520
              wsentell@pugh-law.com
              *Attorneys for Plaintiff*